Our next case on the call of the docket is agenda number 17, case number 115738, Jennifer Schultz, appellant v. Performance Lighting, Inc., Appalachia. Counsel for the appellant, please proceed. Thank you, Mr. Chief Justice, Honorable Justices, Mr. Furlong. My name is Joel Ostro, David Kerpel, who was Jennifer Schultz's trial lawyer at the council table. And I am here to ask the court to reverse the second district and the trial court and find that Jennifer Schultz had a cause of action under 2835 of the Income Withholding Act when performance lighting was properly served with a notice to withhold that informed them of how much money to withhold, what employee to withhold it from, and where to send the money. I would begin with what I think is a practical and logical analysis. And that is that if there is an omission or an error in a notice to withhold, there's probably a 100% chance that that was a mistake. When there's a failure to pay upon receipt of a notice to withhold, the chances are better than even that the failure to pay is purposeful. But more than that, the legislature has stated that whether it's purposeful or not, that's not a defense. That this is a strict liability statute and the obligation is on the payor, not the obligee. Sally Lichter and Jennifer Schultz, Sally Lichter being the attorney who prepared and sent the notice to withhold, they're not the government. They properly served performance with a notice that informed it of its duties and informed it of the consequences of not adhering to those duties. Counsel, the statute's now been changed, right? Correct. And that specifically places the burden on the plaintiff that's seeking support to contact the employer when child support funds are not forthcoming. Does that show, at least if we get into a question of the intent of the legislature with respect to this statute, that they probably did not intend to penalize the employer, served with a notice that lacked compliance with the statutory mandates? No, I don't think so at all. I think what it did was, I think what it shows is a reaction to the Miller decision by this court. And that the, and everyone knows the penalties can be harsh, but I think that the legislature, one thing they did, as I'm sure your honors are aware, is they capped each penalty on the payment. But that's a substantive term that would not be of a statute, that would not be applied retroactively to this case. The other aspect of it that Justice Thomas raises is that all they did was change the conditions precedent to filing the cause of action. But you can't apply that to Jennifer Schultz either. And it certainly doesn't mean that the legislature didn't intend in the first place that an omission that didn't affect the ability of the employer to pay wouldn't raise the cause of action. All the legislature did now was give them a second chance. And your position basically is that the notice deficiencies were de minimis? Well, they were not just de minimis, but they did not affect, it's an elevation of form over substance. They did not impact the ability of performance lighting. Let's talk about that for a minute. One of the deficiencies was lack of social security number, is that right? That's correct. And your argument is, well, the social security number is in the province of the employer, right? So that's one of the things that would make it not that big a problem, right? Well, that's partially it. And also because there are conflicting statutes now that are talking about changes in the statute that are almost absolute of not including social security numbers in court documents because of the problems that have arisen with regard to identity stuff. But the main reason it's de minimis is that even if performance lighting didn't have Philip Schultz's social security number, which surely they did, the lack of that information does not affect their ability to pay the child support. And the intent of the legislature was that child support be paid, be paid promptly, and be paid in compliance with the notice to withhold. Let us say that Sally Lichter did put in the social security number, but she had the digit wrong. Would that mean that performance lighting then could say, well, you know, we didn't have to pay because you made a mistake? And I guess my question would be, if you were here for the last case or listening to it, somebody, one of the attorneys indicated that we decide every case on a case-by-case basis, but obviously what we decide affects other cases. And I'm thinking of a situation where there's a large employer with the prospect of two people having the same name being very possible. And then the notice comes in without a social security number. What then? Okay. First of all, I don't think you could put the social security number on it anymore. But second of all, the law at the time that these facts arose were that if that sort of confusion arose after properly receiving the notice, they were supposed to call the attorney who served them the notice and say, we've got two Phillip Schultzes here. Since you didn't give us a social security number, we're not sure which one we're supposed to withhold the pay from. And so please let us know. And that was their responsibility. That would have been their responsibility at that point in time. Now the legislature has said, effective I think sometime in 2012, that if you don't get the money, you have an obligation to, before you, well, there's still a penalty. Even if the attorney for the child support obligee writes a letter and then that just reminds the employer, the employer may have a reason why they didn't pay him. It might be a legitimate one. This guy no longer works for us. Mr. Ostrow, who sent the notice, the attorney or Mr. Schultz? The attorney. Should there be a difference on who sent it, whether or not it has any effect? I don't think so. I mean, the one thing I was going to say this morning is there's a case that I cited in my briefs called Godinez v. Sullivan-Lackey, in which they say, and this is a direct quote, the Supreme Court has allowed enactments with civil rather than criminal penalties to be less precise because the consequences of imprecision are qualitatively less severe. And I think that that analysis would apply also to the filling out of the form and furtherance of the enactment of the statute. And whether the mistake is made by an attorney or it's made by a pro se litigant, I don't think it makes a difference. I think the core of this case is that we have a strict liability statute, and that strict liability statute is a reflection of the intent of the legislature that child support is to be collected, is to be collected promptly, is to be paid upon notice to an employer of the information necessary to make the payments. I think that intent is manifested by the clear language of the statute and by the Miller opinion, which this court issued previously. I also think that, and this is argued in the briefs too, that when the case is attempted to be made for de minimis or formal substance mistakes being made in the notice, that we should then construe the word shall in the statute to mean that, while the person who is supposed to be paid has to strictly adhere to everything that the statute says should be in the notice, and also with respect to the language about the signature, which is sort of waived, for lack of a better word, in the statute, it's elevating a subordinate rule of statutory construction over a cardinal rule, the cardinal rule being that where the intent of the legislature is clear, the responsibility of the courts is to enforce that intent. And to read into the statute that the legislature intended that somebody wouldn't get paid the child support, that in many cases they desperately need, and in some cases transfer the burden to the taxpayers of the state of Illinois if it's not received, because there was a mistake in the social security number, the social security number was missing, or any other piece of information that might have been missing from the notice to withhold that wouldn't affect the ability of the employer to pay, that the legislature intended then, well, then it's no longer so compelling to collect the child support. I think that's a real stretch of the interpretation of the statutory intent here. Is this a penal statute? It's a civil penalty. It's not a criminal penalty, and there's a difference. And if it is, shouldn't we strictly construe it in favor of the person who has to comply? I don't. Yes, within the framework of the language of the case that I cited, which says where it's a civil penalty, imprecision does not become as fundamental as it does if there's a criminal penalty. And I, you know, would analogize that to due process as well, in the sense that, and that actually was the Goodenius v. Sullivan Lackey case, where there was a penalty. And the defendant complained that, well, I didn't know that the penalties could include this. And the court said, well, this is a civil penalty. And, you know, we had issued previous cases and there have been previous decisions. And so we are not going to interpret the fact that there's a penalty, a civil penalty, to mean that every single penalty that you might have been exposed to had to be set forth in the notice that was sent to you or the claim that was sent to you. And I think this is the same situation. The strict duty of the person who's seeking to elect child support is to properly serve, which there's no question about that here, and to inform the employer of how much to withhold, from whom to withhold it, and where the money is to be sent. And also I think that the Gula case dealt with what Your Honor is addressing, which is if there is something other than those things, and I think they do have to be informed of those things, and if they're not, then you can't apply the penalty. But the Gula case says, because there was a mistake in the notice to withhold, because it was an out-of-state employer with a different rate of collection and they gave them the wrong rate of collection, they said call the person who served the notice and correct the error, or try to get the error corrected, so that the money is paid. And I would say the Vaughn case also supports our position in that regard, because in Vaughn, Blue Cross took the position that this guy is not our employee. He's a 1099 payee. And therefore they wrote a letter to the lawyer who had served the notice withholding and said we're not paying. And the appellate court said no. They said file a declaratory action, but once you receive the notice, you have a duty to pay. And any disagreement that you may have requires you to do something. Any confusion, which as Gula says, any confusion you have, you have a duty to try and resolve it so the person gets paid. And any, you know, if you feel you are not covered by the statute, file a declaratory action. But the payment of child support is as close to a sacrosanct responsibility as the legislature has imposed in a civil matter. And I think that to, and that's why they made the consequences severe. And even with the reduced penalties or the cap on the penalties, they're still severe. So, you know, it's our position that the errors that were in the notice to withhold are not, are de minimis, did not keep performance lighting from their ability to comply with the statute, and that therefore Jennifer Schultz in filing her complaint had a complete and legitimate cause of action. Mr. Ostro, do we know for the record whether the employer in fact withheld and didn't turn it over, or was it not withheld at all? I don't want you to speculate, but. I don't think it's in the record. I know Miller was withheld and not paid, but I don't think it's in the record here. Okay. Thank you. Thank you. Justices, may it please the Court, Mr. Ostro. My name is Michael Furlong. I represent the appellee Performance Lighting, Inc. Performance Lighting, Inc. was the employer of Philip Schultz. Philip Schultz is the ex-husband who was involved in a divorce case with the appellant Jennifer Schultz at the time that a income withholding order was entered in their divorce case. In Jennifer's complaint, she attaches to that verified complaint a document which she characterizes as income withholding notice. In Jennifer's verified complaint, she says that that document was served on Performance Lighting, Inc. and that Performance Lighting, Inc. failed to withhold and pay over income from Philip Schultz's pay. Jennifer Schultz then asks for statutory penalties under Section 2835 of the Income Withholding Act. What I'd like to start with this morning is what's not disputed between the parties. From a review of the briefing, I think the Court will conclude that there's no dispute that the job of the Court here is to discern the legislative intent under the Income Withholding Act. There is also no dispute that the notice, or what Jennifer characterizes as a notice, attached to her verified complaint does not comply and satisfy the requirements of Section 2820C of the Act, which sets forth 12 specific requirements of an income withholding notice. Specifically, Jennifer's notice does omit the Social Security number in the document attached to her verified complaint. The blank for the Social Security number is not filled in. Additionally, Jennifer's notice does not contain the termination date of the withholding obligation. In the document attached to Jennifer's complaint, the blank for the termination date of the withholding is left blank, and the back page of the notice states that the termination date of the withholding obligation is either the 18th birthday of the youngest child or that child's graduation from high school. So even the last page of the notice doesn't fill in the blank by implication. There are a couple of possibilities. Do you agree with Mr. Ostrow's speculation that because of rule changes, perhaps the Social Security number no longer can be entered onto these notices? I don't agree with that proposition, and this is the reason why. There's nothing in the Income Withholding Act that requires an income withholding notice to be filed in the public record. The income withholding notice needs to be sent to the employer. What Mr. Ostrow is raising is a concern about violating the Supreme Court's new rule that Social Security numbers shall not be filed in the public record. That concern isn't implicated by sending an income withholding notice to a payor through the mail. That's not going to become a part of the court file. And the income withholding order can omit the Social Security number or it can be filed under seal if the court wishes to include that number. Mr. Furlong, on a larger question, though, should an employer actually be permitted to ignore the notice of withholding information contained in the notice, though it's not strictly complied with, is sufficient to permit the employer not to comply? I mean, was that not enough notice? Was that sufficient not to comply at all? Well, the lack of Social Security and the lack of the age or the termination date? I think if I hear Your Honor's question, I would characterize that as an issue that needs to be reached in the factual dispute stage of the case. But in order for the obligee to perfect the cause of action under the statute for a penalty, the cause of action needs to be perfected by strict compliance with the statute. If that's the first step, is it strict compliance? I think that that's clearly the intent of the legislature. And we know that by looking at the language used by the legislature. Does the employer have a duty, though, when he does receive a notice like that, with some of the information missing, to actually find out the information? You know, the employee has the Social Security number and knows the 18th birthday of the child. Well, the reason that I brought up the fact that the notice states that the termination date is either the date of the child's 18th birthday or the graduation from high school, whichever is later, is that the employer does not know from looking at the face of the complaint. But could they find out? Is the employer's duty, do they have a duty to find out the information that's missing? There's no expression of a duty in the employer to go and look beneath the income withholding notice or what's characterized as an income withholding notice and fill in the blanks for the obligee so that the obligee may perfect the cause of action. There's nothing in the statute that states that duty is on the employer. As a larger question, should we be at all concerned that interpreting a statute which was meant to strongly inspire employers to comply with the notices and to withhold child support, that by requiring strict adherence to the notice content provisions, it would really have the perverse effect of inspiring just the opposite? I don't think that a parade of horribles will follow from that construction. And the reason is this. We now, obviously, we see that the statute's been amended to require a second notice and to inspire a dialogue between the obligee and the payor. So that amendment clarifies the legislature's intent that this isn't supposed to be draconianly applied to payors in order to inspire pay first and figure out problems later. I would also make the point that in this case, there's this implication that I think is unfounded, which is that this problem couldn't be fixed by the service of a proper notice. There's nothing that says once you send an improper income withholding notice and you realize it, that you're precluded from resending it and perfecting your right for penalties under the statute. So I don't think that construing the statute consistent with the legislative intent is going to have a perverse effect, as you've characterized it, Justice. Moving on to some other issues with the way that this document was served, the statute does provide at 2820G that the document, the income withholding notice, must be served on the obligor at the time that it is served on the payor by ordinary mail, and that a proof of service of the income withholding notice must be filed with the clerk of the circuit court at the time of the filing of an action to enforce a withholding obligation. And if you look at the rest of the statute, I agree that we have to read the statute as a whole in order to arrive at legislative intent. There is a mechanism by which the obligor can contest withholding. And read in conjunction with the service requirements, the failure to serve pursuant to the statute raises another legislative intent, a matter of legislative intent, which is, this is supposed to be a fair process, and we want to avoid the risk of erroneous deprivation of income from an obligor. And so if the obligor, if the legislature found fit to say, this obligor needs to be served by ordinary mail with a copy of this notice, it's reasonable to infer that that's because the obligor, the legislature wants to ensure that that obligor has the obligation to come in, or has the opportunity, rather, to come in and initiate a contest to the withholding. Now here, there's no dispute. Attached to the verified complaint is a proof of service which is also verified by certification by the appellant's divorce attorney that says, this was served on counsel for the obligor in open court. It was not served by ordinary mail on the obligor. The counter to that is that, hey, what's the big deal? Isn't giving an attorney the same thing as giving it straight to the attorney's client? But that's not what the legislature said. And when you read the definitions in 2815 of who an obligee is, it says an obligee is the person to whom a duty of support is owed, or that person's legal representative. When you look at how the legislature defines the obligor, it's only the person who owes the duty of support. So read in conjunction, the legislature's determined the obligor has to be served. Now, it's performance's argument that this is enough for the court to determine that the legislative intent is to require compliance by using the mandatory language shall, by using shall in conjunction with the requirements to serve. If the court wants to go further, which I don't think is necessary, the other rules of statutory construction also support this conclusion. Specifically, with respect to 2820C and the omission of the obligee's signature on the notice, that is the only instance under the statute where an omission in the income withholding notice is excused. And the court in the legislature uses the language it shall not affect the validity of the notice. The only reasonable inference from that language is that any other omission from the notice renders the notice invalid. So if you have an income withholding notice, or what someone purports is an income withholding notice sent to someone, and it's invalid under the language of the statute, then an income withholding notice hasn't been served. It's a statutory remedy. Income withholding notice doesn't have a meaning in a vacuum. It only has a meaning in the context of the statute. So you can't perfect a right for the penalties or the remedies therein without complying with the statute. Further, I think Mr. Ostro's conceded, and I don't think there's a dispute, that this is a penal statute. Section 2835 says penalties when it describes $100 a day that are assessed against a payor. Additionally, this is a statute in derogation of the common law. I know that there's some dispute between the parties that's in the briefing about whether this is the case. But the authority cited in the briefing stands for the proposition that obligors, the parents, have a duty to support their children. At the common law, there was not a cause of action or a liability that existed for the employers or parents for failure to withhold. So I think that that supports the argument that this is in derogation of the common law. The other argument made by the appellant is, well, in the Busse case, there was a garnishment proceeding instituted where a turnover order was entered and a bank did not comply with the turnover order and contempt proceedings were initiated. And if contempt proceedings can be initiated relative to someone subject to a turnover order, it's analogous to this, that the payor is like the bank. But contempt proceedings involve the inherent authority of a court to enforce its orders. That is not what we're talking about here. And what we're talking about here is a penalty that's a personal cause of action to the obligee. And while contempt proceedings may accrue to the benefit of one of the parties to the court, those proceedings are about entering a sanction against someone who doesn't comply with the order. Here we're talking about giving someone an automatic penalty based on a statutory formula and a judgment that's personal to that obligee. So the rules of construction buttress the argument that this must be strictly construed. Finally, I think we touched on it, but the amendments to the statute, I think, indicate the legislature's intent that this statute is not meant to be as heavy-handedly applied as it's been up to this point. The legislature's backing off on the application of this statute as, in my opinion, it's been fairly draconian and painful. And the mayors are just, if you get this notice, there are very few excuses for failure to comply. And the legislature's clarifying that it's gone too far. So I've cited the case, the Johnson case, which says that subsequent amendments can be indicative of statutory intent. So there's a number of reasons why statutory intent supports strict construction of this statute. Counsel, let me ask you this, it's the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 that drives this whole child support, family support scheme, isn't it? I think, Your Honor, what you're referring to, and I'm not exactly sure, is it's the federal statute that required states to institute mechanisms. I think that that federal statute left it up to the legislatures as to exactly how the withholding schemes were going to be implemented. So it was within the discretion of the Illinois legislature to condition behavior and specify how the penalties would be applied. Well, my understanding, obviously the states have to comply with the federal statute on this, but I understood that the Secretary of Health and Human Services at the time of this transaction that took place, not under any new amendments, but it did not give an employer but only the employee the right to dispute the income withholding order. Is that your understanding of the regulations? I mean, I guess the other way to ask you the question is what can you point to that gave the employer the right to challenge this, to say, hey, this is not effective, we don't have to turn it over? Well, I think that we're not contesting, we're defending against a cause of action for statutory penalties. But your defense is challenging the effectiveness of the original order. Well, it's challenging the, I'm not saying that the court was without jurisdiction to enter an income withholding order, but the court's order says you have to serve an income withholding notice, and if the obligee doesn't serve that pursuant to the statutory prescription, then it's not the payor that's really challenging it. The payor is just asserting the defense that, hey, even the obligee isn't complying here. And so when I heard Mr. Ostro's argument, it seemed to be that the obligee can make mistakes, but the payor can never make mistakes. And if you're going to strictly construe this, only strictly construe it in terms of perfect compliance by the payor. Excuse failure to comply by the obligee. Thank you. Finally, I think that the de minimis argument about failure to comply with statutory prescriptions, failure to comply with the statute, the cases I've mentioned, they relate, cited by Jennifer, relate to due process concerns and unconstitutional vagueness issues. We're talking about the form of a notice under a statutory remedy here and whether it complies. And that has nothing to do with due process. It has to do with whether a cause of action has been perfected. And this is analogous, I think, to the mechanics lien statute, which is also a derogation of common law, and where the courts uniformly hold that if you don't follow the notice requirements, you don't perfect a mechanics lien, which is a statutory remedy. And those cases all hold the mechanics lien statute is strictly construed in terms of notice, service, and form of the notice. So I don't want there to be any confusion that we disagree that this doesn't implicate constitutional due process concerns. Thank you. Thank you, Your Honors. We ask that you affirm the trial court and the appellate court in upholding the dismissal of the complaint. Thank you, Your Honors. Mr. Oster, did you indicate in response to an earlier question the child support, was it ever recouped, that's not a record? You mean whether it was actually paid? Yes. No, it's been paid. That is a record. I think Chief Justice Kilbride asked me if it had been withheld in the first instance, but just not sent. Oh, okay. And that's not a record. Okay. Just a few things to respond to. I don't think that performance lighting can raise a defense that might have been Philip Schultz's, which is, hey, the $600 a month is wrong, or $600 per payment is wrong. His attorney was served, this was, I believe, a marital settlement agreement, so they can't say. Mr. Kaplan, Mr. Schultz's attorney, was served in open court, and Mr. Schultz knew he had a $600 per payment obligation, and I think it's pretty fanciful for performance lighting to say, well, you know, we didn't have to do anything because he didn't get the notice mailed to him, and maybe he had some objection to it, which they wouldn't have known at the time. They weren't paying anyway. Secondly, with regard to the Social Security number, this notice to withhold income for support was filed. In the court record, it might even be attached to the briefs as an exhibit, but it and the order for support were entered on the same day both of them were filed. So with regard to the lack of a termination date, or what was said about a termination date, as has been pointed out here, the birthdays of the children were in the notice to withhold, and they were clearly nowhere close to being emancipated, but the language from the end of the notice to withhold that Mr. Furlong cited, that the support will end either on their 18th birthdays or when they graduate from high school, whichever is later but never past the age of 19, that's directly out of the child support statute. So that was one of the points I tried to make in the briefs about that omission being really de minimis because not only was it clear that these kids were nowhere close to emancipation, but even the statute itself, you can't put a precise date on termination of support because you don't know it when the kids are nine and seven, and it could end for a lot of reasons in between when the notice to withhold is sent and their 18th birthdays or graduations from high school. As to the condition precedent that the legislature has now seemed to add, I don't think you can apply that retroactively because that's putting an affirmative duty from a statute on somebody who, when all these incidents occurred, did not have that duty. And Lazingby, the case I cited in the briefs, says that. It says you cannot take a new condition precedent in a statute and apply it to a past situation. With regard to the language of the statute that says the lack of a signature will not invalidate the notice, I have briefed this, but I really believe that that was to distinguish this statute from other statutes which require a signature, and then there's case law that says it, like the Mechanics-Lean Act, without that signature, you don't have a cause of action. I think it's a breach to say that that meant that if you got the Social Security number wrong, you don't get paid and the statute doesn't apply. I don't think it was to distinguish it from the other aspects of a notice to withhold. It was to distinguish it from other statutes in which it has some sort of signature requirement. I also do agree with Justice Burke that it invites noncompliance if you're going to have strict adherence. And, in fact, I think that was somewhat the Miller situation was a small business, which most businesses are. You have employers that are friends with their employees. Well, let's go over this with a fine-tooth comb. Here's a little mistake. Here's a little mistake. Let's not pay. So I think that the federal government and the state legislature meant for child support to be collected efficiently, quickly, and with a penalty for not complying with a notice that gave you the necessary information. Jennifer Schultz stated a cause of action, and we respectfully request the court to reverse the appellate court and the trial court. Thank you. Thank you. Number 115738, Jennifer Schultz, appellant, versus Performance Lighting, Inc., appellee. He's taken under advisement as agenda number 17. Mr. Marshall, the Illinois Supreme Court stands in recess until 1140 a.m.